Beckwith, J.
—The equities claimed to exist in favor of the judgment debtor, Lynch, are not clear. He and Sourwine treated for a new lease upon a scheme to get money out of the railroad company. If there was any equity in third persons anywhere, subject to which the plaintiff took his assignment of the judgment, it was the railroad company’s equity. But Lynch, having got the money from the railroad company, refused to divide, Sourwine sued on his promise and got judgment.
As the case now comes before the court,- it is found that the judgment stood with the legal title, in Sour-wine, subject to an equitable interest in favor of the ■present plaintiff, resulting from his agreement for a -share of the recovery, as compensation for his services in getting the judgment and defending the appeal. The compensation agreed upon was the amount of his ■lien and equitable interest. It was one-half the recovery, and a reasonable sum for his services on the appeal in addition. It could not be extinguished by a settlement-with the judgment creditor, nor any cestui que trust (Code Civ. Pro. § 66). His vested interest, or the interest which the court would assist him in realizing, was over one-half the amount of the *389 judgment. While things so stood, Sourwine, in whom was the legal title to the judgment, assigned, it to the plaintiff. He assigned the entire judgment, and gave the plaintiff the legal title, and the plaintiff paid him $250 for his (Sourwine’s) remaining legal interest. These circumstances, and the written assignment, gave to the plaintiff, Seymour, the legal title.
It may be that Sourwine was liable to account td Reed for what he received out of the transaction, on the ground that being an agent, he could not in any manner contract for any benefit to himself. But Lynch’s contract in anticipation of the necessities of the railway company, was with Sourwine ; he agreed to pay Sourwine one-half of any award, and Sourwine recovered judgment on that promise. Lynch did not agree to pay Reed anything, and Reed could not claim the fruits of that arrangement without adopting the entire transactions of Sourwine, resulting in the judgment (Hovil v. Pack, 7 East, 164; Farmers’ Loan and Trust Co. v. Walworth, 1 N. Y. 433).
Sourwine, having the legal title to that judgment, had a right to assign it to the equitable owner of the larger part of it, the present plaintiff, upon receiving the value of his legal interest separated from if, and Reed had no equitable claim to more than what Sour-wine realized out of the matter, unless he could make it appear that the sale to the plaintiff was for a sum so small as to be fraudulent, so as to make the assignee a trustee for the real value. Lynch had no equity to be affected by the assignment of the judgment; he had no equitable right to pay Reed, to the injury of the plaintiff, when a payment to Sourwine would discharge the judgment. The plaintiff having given his services in obtaining and defending the judgment, and having paid Sourwine for his legal interest in excess of the plaintiff’s lien in good faith, he got a good title to the judgment, notwithstanding he might have been *390 aware that Sourwine was agent for Mr. Beed (Huston v. Wickerham, 8 Watts, 522). He had no notice that Beed objected to the acts of his agent, or that Sour-wine would not properly account, and evidently his purchase of the judgment was in good faith. Sour-wine’ s agency wás general in taking care of and leasing Beed’s Buffalo property, and an accounting between him and the Beed estate would involve many matters. The plaintiff was not called upon to take notice of Beed’s special equity in this judgment, further than to pay into the agent’s hands the value of such equitable interest. If Lynch had paid the amount of the judgment to Sourwine before receiving notice of the assignment, his payment would have discharged the judgment, because Sourwine had the legal title. But his payment to a stranger, or to some third person claiming to have some equitable interest, would not have that effect, and cannot avail him anything here, where that third person is not brought as a party, so that the court can determine his rights as against the legal holder of the judgment.
The assignment of the judgment by the legal owner carried the securities and remedies that he held for enforcing its payment, and gave the plaintiff a right of action against the sureties on the undertaking given on the appeal, and the present defendants have failed to show that the judgment has been satisfied or discharged. The act of Lynch in putting money into the hands of a stranger, although Beed might have in equity a right to call Sourwine to account, did not have the effect to discharge the judgment then owned by the plaintiff as assignee.
The consequence is that the plaintiff is entitled to judgment.
[Concluding remarks on minor questions of practice omitted.]